UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS KENT MORRISON<br>AND JENNIFER SCHIELE MORRISON | CIVIL ACTION NO. |
| VERSUS | SECTION " " MAGISTRATE # |
| LEFT GATE PROPERTY HOLDINGS, INC.<br>d/b/a TEXAS DIRET AUTO | JUDGE<br>MAGISTRATE |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. section 1441 and 1446, Defendant, Left Gate Property Holdings, Inc. d/b/a Texas Direct Auto, ("TDA"), appearing herein through undersigned counsel, with a full reservation of any and all defenses and objections, hereby files this Notice of Removal and removes the action entitled *Thomas Kent Morrison and Jennifer Schiele Morrison versus Left Gate Property Holdings, Inc. d/b/a Texas Direct Auto*, bearing case number 2013-1111, from the Civil District Court for the Parish of Orleans, State of Louisiana to the United States District Court for the Eastern District of Louisiana. In support of removal, TDA, further states and avers:

### A. THE STATE COURT ACTION

1.

On February 5, 2013, Plaintiffs Thomas Kent Morrison and Jennifer Schiele Morrison, filed an action styled *Thomas Kent Morrison and Jennifer Schiele Morrison versus Left Gate Property Holdings, Inc. d/b/a Texas Direct Auto*, bearing Case Number 2013-1111 in the Civil District Court for the Parish of Orleans, State of Louisiana. The Defendant, TDA, was subsequently served on February 8, 2013.

2.

A copy of all process, pleadings, and orders served by and upon TDA in the State Court action is attached as Exhibits 1-26. A list of exhibits 1-26 is also attached herein. All discovery produced by TDA to the Plaintiffs is also attached as Exhibit 27.

3.

TDA is a Texas corporation, and Plaintiffs are Louisiana residents.

4.

There is no question regarding the diversity of the parties, however, at the time of the filing the initial petition, it was not apparent from the face of the initial pleading whether the amount in controversy requirement was met.

5.

On April 17, 2013, TDA filed an Exception to Lack of Personal Jurisdiction, which was denied by the State District Court on June 14, 2013. TDA took writs on the issue to the Louisiana State Fourth Circuit Court of Appeal and ultimately to the Louisiana Supreme Court. The State Fourth Circuit denied TDA's writ application 2-1, and the Louisiana Supreme Court denied the writ application 4-3.

6.

On August 19, 2013, TDA served Plaintiffs with a First set of Interrogatories, Requests for Production of Documents and Requests for Admissions. The interrogatories specifically included the following:

**INTERROGATORY NO. 11**

Paragraph XV of your Petition lists several non-exclusive damages, penalties, and remedies that you claim are a result of "Texas Direct's negligent and/or intentional acts, deceit and/or representations." With respect to those allegations, please state the following:

c. The exact amount of damages, penalties, and remedies you claim you are entitled to;

7.

On November 5, 2013, Plaintiffs served upon TDA their answers to the First Set of Interrogatories, Requests for Production of Documents. In those answers, specifically the Answer to Interrogatory No. 11(c), Plaintiffs advised the Defendant that his damages consist of:

"The cost of the vehicle $50,510.95, plus interest paid to date of payment of all damages by defendant, plus Mr. Morrison's cost to go to Houston to buy the vehicle, plus any title penalties due the State of Louisiana or Texas, plus the cost of titling the vehicle, plus mental anguish damages as found by the jury or 3 times economic damages, or three times both mental anguish and economic damages, plus reasonable attorney's fees, plus interest, plus all other damages allowed by law."

8.

Based upon the answer to Interrogatory No. 11(c), the $75,000 amount in controversy requirement is now met. Under 28 U.S.C. Section 1332 and 1446(b), the case is eligible for removal to the Federal Court, and such removal must be done within 30 days after receipt of "an amended pleading, motion, order or other paper" from which it may be ascertained that the case is one which is or has become removable. 28 U.S.C. 1446 (b).

9.

TDA received the answers to their interrogatories on November 5, 2013, via email from Plaintiff's counsel. TDA is filing this Notice of Removal on December 4, 2013. This Notice is thus filed within thirty (30) days after TDA's receipt of the Answers to First Set of Interrogatories setting forth the exact amount of damages and is timely pursuant to 28 U.S.C. Section 1446(b).

10.

This Notice of Removal is properly filed in the Eastern District of Louisiana because the jurisdiction of the Court embraces Orleans Parish, the parish in which the State Court action is now pending. 28 U.S.C. Section 98(a) and 1441(a).

11.

Pursuant to 28 U.S.C. Section 1446(d), TDA is filing a copy of this Notice of Removal with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana and is also

serving a copy of the Notice of Filing Notice of Removal to Federal Court on Plaintiffs. A copy of the Notice of Filing Notice of Removal to Federal Court is attached hereto as Exhibit 28.

## B. THE PARTIES

12.

All Plaintiffs are citizens, residents and domiciliaries of the State of Louisiana.

13.

Defendant, TDA, is a Texas corporation, incorporated in Texas, with its principal place of business in Stafford, Texas. Accordingly, for purposes of diversity jurisdiction, TDA is a citizen of Texas. 28 U.S.C. Section 1332.

## C. PLAINTIFFS' CAUSES OF ACTION

14.

Plaintiffs' allege that in September, 2012, the Defendant's advertised a vehicle online via eBay that the Plaintiffs ultimately purchased. Plaintiffs further allege that the vehicle was advertised in a "like new" condition, but this advertising was fraudulent, because the vehicle was "involved in a significant accident" and had damage as a result. Plaintiffs allege that they would

not have purchased the vehicle had the "accident" been disclosed, and allege that they suffered damages due to violations of the Texas Deceptive Trade Practices Act, the Louisiana Deceptive Trade Practices Act, fraud, deception, misrepresentation, intentional or negligent inducement, intentional or negligent advertisement, knowingly making false or misleading claims, negligently making false or misleading claims, failure to disclose material information and any and all other intentional or negligent acts which may be proven at the trial of this matter.

### D. DIVERSITY JURISDICTION

15.

This is a civil action of which this Court has original jurisdiction premised upon 28 U.S.C. Section 1332 and 1367 and is one which may be removed to this Court by TDA pursuant to 28 U.S.C. Section 1441(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity of citizenship exists between Plaintiffs and TDA.

16.

The amount of controversy requirement is also satisfied here because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. Section 1332(a). Pursuant to the Louisiana Code of Civil Procedure, Plaintiffs did not state a specific amount of damages in their original petition. Based upon their answers to TDA's First

Set of Interrogatories, it is now apparent that they are seeking in damages in excess of $75,000. Thus, the amount in controversy is in excess of $75,000.

17.

Moreover, although Louisiana law does not permit a plaintiff to give a "specific amount of monetary damages" in any "allegations or prayer for relief", in his petition, a specific amount of damages may be pled if necessary to establish.... "the lack of jurisdiction of federal courts due to insufficiency of damages..." La. C.C.P. art. 893(A)(1). Failure of Plaintiffs to state in their pleadings that their damages are insufficient for federal court jurisdiction is further proof that the amount of his alleged damages exceed $75,000 exclusive of interest and costs.

18.

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and is one which is removable to this Court pursuant to 28 U.S.C. Section 1441(a) in that there is complete diversity of citizenship between the remaining parties to the action and the amount in controversy exceeds the sum of $75,000.00. Additionally, because TDA is not a citizen of Louisiana, the requirement of 28 U.S.C. Section 1441(b) that no defendant properly joined and served is a citizen of the state in which the action was originally brought is satisfied.

**WHEREFORE,** having met all the requirements for removal under 28 U.S.C. Section 1441, *et seq.,* including all the jurisdictional requirements of 28 U.S.C. Section 1332, Defendant, Left Gate Properties d/b/a Texas direct Auto, respectfully removes the matter of *Thomas Kent*

*Morrison and Jennifer Schiele Morrison versus Left Gate Property Holdings, Inc. d/b/a Texas Direct Auto* bearing Case Number 2013-1111 in the Civil District Court for the Parish of Orleans, State of Louisiana to the United States District Court for the Eastern District of Louisiana.

                                      Respectfully submitted,

                                      _____
                                    JACQUELINE F. MALONEY (#25779)
                                    The Law Offices of Jacqueline F. Maloney, LLC
                                    2201 Veterans Memorial Blvd., Suite 410
                                    Metairie, Louisiana 70002
                                    (504) 333-6934 office
                                    (504) 324-0626 fax

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and forgoing document has been forwarded to all counsel of record by electronic filing, email and/or depositing a copy of same in the U.S. mail, postage prepaid and properly addressed this 4th day of December, 2013.

                                    _____
                                    JACQUELINE F. MALONEY