UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS KENT MORRISON, ET AL                CIVIL ACTION

VERSUS                                      NO. 13-6572

LEFT GATE PROPERTY HOLDINGS, INC.,          SECTION "C" (3)
ET AL

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal and the plaintiffs' motion to remand. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs, Thomas Kent Morrison and Jennifer Schiele Morrison, filed suit in state court on February 5, 2013, alleging that the defendant falsely represented the condition of a vehicle purchased by the plaintiffs for approximately $50,000. According to the petition, the plaintiffs' claims include violations of Texas and Louisiana Deceptive Trade Practices Act, fraud and intentional and negligent acts, and the plaintiffs seek as damages rescission of the sale and reimbursements of relevant monies, loss of use, mental anguish and diminution in value. Rec. Doc. 1-1. Left Gate Property Holdings, Inc. d/b/a Texas Direct Auto, was served on February 8, 2013, and removed this case on

the basis of diversity jurisdiction on December 4, 2013. The Court ordered memoranda directed to the issue whether the jurisdictional minimum existed at the time of removal and thereafter the plaintiffs filed a motion to remand based on allegedly untimeliness of the removal.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating

2

jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), (citing *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet that burden. Regardless of any monetary award that may be available or whether that award is subject to trebling, a sizeable offset due to the plaintiffs' retention of the vehicle remains, reducing any award to the plaintiffs below the jurisdictional minimum for present purposes. The Court's conclusion that the jurisdictional minimum at the time of removal is lacking finds support throughout the documentation provided by the defendant, which includes a statement that the plaintiff offered to settle the dispute after filing suit for $8,500 in addition to retaining the vehicle. See Rec. Doc. 5-2 at 43-65, 5-3 at 55-72.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100

(1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that the plaintiffs' motion to remand is DISMISSED AS MOOT.  Rec. Doc. 8.

New Orleans, Louisiana, this 17th day of April, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE